767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES FIDELITY & GUARANTY CO., PLAINTIFF,
v.
G-K CONSTRUCTION COMPANY, INC., DEFENDANT AND
CROSS-PLAINTIFF-APPELLANT,
HENDERSON COUNTY, TENNESSEE, DEFENDANT AND CROSS-DEFENDANT-APPELLEE.
 NO. 83-5418
 United States Court of Appeals, Sixth Circuit.
 6/10/85
 
 W.D.Tenn.
 VACATED AND REMANDED
 On Appeal from the United States District Court for the Western District of Tennessee, Eastern Division
 Before: KENNEDY and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 G-K Construction Company, Inc. appeals from the District Court's judgment, following a bench trial, in favor of cross-defendant Henderson County in this construction contract dispute. Because the District Court's findings are not sufficient to dispose of all of G-K's claims against Henderson County, we must remand to the District Court for additional findings.
 
 
 2
 In December 1978 G-K contracted to build a county health department building for Henderson County. The contract price, after certain deletions from the original specifications, was $222,777. Construction was to begin in December 1978, but the start was delayed until April. As the construction progressed, considerable friction developed between G-K and its president, Gerald Kirksey, and the county and its architect, Howell Taylor. On February 13, 1985, the architect notified G-K of ten deficiencies in the building, and on that same date the county informed G-K that the contract would be terminated unless the deficiencies were corrected in ten days. On February 27, 1980, the county terminated the contract.
 
 
 3
 As of the termination date the county had already paid G-K $174,713, and had withheld $20,632 in retainage. G-K had an additional outstanding application for payment of $10,978 for work already done. The county eventually completed the building through another contractor for an additional cost of $39,873.
 
 
 4
 The county filed a claim against G-K's bonding agent, U.S.F. & G., which then filed this declaratory judgment action against G-K and Henderson County. G-K and Henderson County each filed cross-complaints, claiming that the other party had committed various contract breaches. After a bench trial, the District Court found that 'the work performed by G-K, or under its direction, contained many instances of improper workmanship, some of which [are] quite serious and not feasibly subject to correction,' and that the county 'was justified in terminating the contract.' Judgment was entered directing the county to pay G-K the outstanding $10,978 application for payment[1], allowing the county to keep the withheld retainage, dismissing G-K's claims for breach of contract and the county's claims for liquidated damages, and absolving U.S.F. & G. from liability.
 
 
 5
 G-K now appeals the dismissal of its cross-claims against the county. Henderson County filed no cross-appeal. The District Court's judgment on Henderson County's cross-claim for liquidated damages is therefore final. No separate judgment was entered for the county on its claim for diminution of the value of the building due to poor workmanship. Nor was any finding made as to the diminution in value. The District Court's opinion permitted the county to keep the $20,632 it still held as a retainage 'as an offset to the diminution in value for the faulty workmanship performed by G-K or under its supervision' and entered judgment for Henderson County, but not in any dollar amount. G-K complains that the District Court erred in awarding the offset. We agree, although not for the reasons urged by G-K. The District Court made no finding as to the amount of the diminution in value because of faulty workmanship. If it intended to find that it was $20,632 there is no basis in the record for that particular sum. On remand the District Court should make specific findings as to what diminution value, if any, the county has proved.
 
 
 6
 We turn then to whether the District Court properly dismissed G-K's breach of contract claims. We are not able to determine whether the dismissal was proper because of the absence of sufficient findings. In cases tried to the court the District Court must set forth its findings of fact and conclusions of law. Fed. R. Civ. P. 52(a). Without specific factual findings concerning the alleged breaches in this case, we are left without an adequate basis for appellate review. Rule 52(a) requires the trial court to state factual findings 'with sufficient detail to indicate the factual basis for its ultimate conclusions of law. Otherwise, appellate review is rendered practically impossible, and we are usually left with no alternative but to vacate the judgment and remand the case for further findings.' Ionmar Compania Naviera, S.A., v. Olin Corp., 666 F.2d 897, 903 (5th Cir. 1982).
 
 
 7
 G-K has alleged a number of different contract breaches on the part of the county. We will first consider G-K's claim that the county's termination of the project was wrongful. The contract provided that if the contractor:
 
 
 8
 is guilty of a substantial violation of a provision of the Contract Documents, then the Owner, upon certification by the Architect that sufficient cause exists to justify such action, may, without prejudice to any right or remedy and after giving the Contractor and his surety, if any, seven days' written notice, terminate the employment of the Contractor . . ..
 
 
 9
 G-K contends that the termination was wrongful for five reasons: (1) the termination was not made for a permissible reason; (2) G-K's workmanship did not justify termination; (3) by making partial payments, the county waived any defects in workmanship covered by those payments; (4) the architect did not certify that there was cause for termination; and (5) the county was not entitled to terminate the contract because it was itself in breach of the contract.
 
 
 10
 The first three of these contentions are without merit. G-K argues that the contract was terminated not for contractual reasons, but because of G-K's 'lack of cooperation,' quoting the county's termination letter. However, it is clear that the lack of cooperation referred to in that letter is the failure to correct the deficiencies so as to conform substantially to the plans and specifications. The District Court's factual finding that the work performed by G-K did not substantially conform to the plans and specifications is supported by the testimony of two architects, cited by the District Court, and is not clearly erroneous. G-K's theory that partial payments constitute waiver of defects in the work is belied by the fact that the contract allows the county to keep retainage in order to offset possible defects. In J.R. Hale & Sons v. R.C. Stone Engineering Co., 14 Tenn. App. 461, 470-71 (1932), relied on by G-K, the retainage had been given up as part of a settlement under which the parties had agreed that no claim for defects could be made after fifteen months. No such express conditional acceptance is present here.
 
 
 11
 A more troublesome question is raised by G-K's contention that there was no architect's certification of cause to terminate. The contract clearly requires such certification, and termination is wrongful in its absence. R. Lee Tolley Co. v. Marr, 12 Tenn. App. 505 (1931). The District Court did not address this question or make any finding concerning the existence of a certification. On remand the District Court should determine whether a certification by the architect existed. If not, the termination by the county was wrongful.
 
 
 12
 If the District Court finds that the architect did certify cause for termination, it must next consider whether the termination was wrongful because the county was itself in breach of the contract and not entitled to rely on its terms. G-K contends that the county was precluded from terminating because of four alleged breaches: (1) it failed to complete the site work; (2) it fraudulently demanded liquidated damages to which it was not entitled; (3) it failed to provide G-K with necessary plans and clarifications; and (4) it failed to timely process change orders and payment requests. The District Court made no findings regarding any of these alleged breaches. If the District Court finds that the county did commit any of these breaches, it must then consider whether those breaches were material and whether the county's right to terminate was conditioned on the absence of those breaches.
 
 
 13
 If the District Court finds that the termination was wrongful, for either of these two reasons, it must consider whether G-K has proven any damages resulting from the wrongful termination. Since the District Court held the termination justified it had no occasion to consider whether G-K and proven any direct damages resulting from the termination, i.e., the profit if any that G-K would have made if allowed to complete the project. On remand, if the termination is found to be wrongful the District Court should determine whether G-K has proven any direct damages resulting from the termination.
 
 
 14
 G-K claims that the county wrongfully made a claim against G-K's bonding company and that because of that claim it was unable to secure bonding, and thus lost future profits. The District Court found that G-K was not entitled to damages for such lost profits because 'whatever black listing USF&G allegedly did was the primary fault of G-K.' The District Court's finding that G-K was not denied or refused bonding because of the county's claim on U.S.F. & G. is not clearly erroneous and is affirmed.
 
 
 15
 In addition to wrongful termination, G-K alleged that the county breached the contract in a number of different ways. These claims are set forth in counts one, two, three, four, five, eight, and nine of G-K's cross-complaint. In dismissing these claims, the District Court made no specific findings concerning whether any of these breaches occurred or whether G-K had proven any damages resulting from particular breaches. That G-K breached the contract does not necessarily preclude the possibility that Henderson County also breached the contract. We are unable to determine the factual basis for the dismissal of G-K's claims.
 
 
 16
 Accordingly, the judgment of the District Court is vacated and the case is remanded for further findings in accordance with this opinion.
 
 
 
 [1]
 This portion of the judgment was not appealed and is affirmed